IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                           **CRIMINAL NO. 1:24-CR-68-LG-RPM-2**

**MARCELLUS HOLMES**

### ORDER DENYING UNOPPOSED MOTION AND AMENDED MOTION TO PRODUCE REPRESENTATIVE SAMPLES OF CONTROLLED SUBSTANCES FOR TESTING

BEFORE THE COURT is the Unopposed Motion [48] Motion and Amended Motion [49] to Produce Representative Samples of Controlled Substances for Testing by Defense Expert pursuant to Fed. R. Crim. P. 16(a)(1)(E). According to the Motion Defendant seeks "to compel government agents to provide samples of the controlled substances related to the charges in the indictment to a designated defense expert for independent testing." Also, according to the Motion the "government does not oppose the defense request to have the samples sent to the defense's designated expert." After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion should be denied.

In this matter Marcellus Holmes is charged with four separate counts of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The matter is presently scheduled for trial on December 2, 22024.[1]

---

[1] The Defendant previously filed, and later withdrew a notice of intent to plead guilty [ECF 42].

DEA laboratory tests results have been provided to Defendant.  Defendant seeks to obtaining independent testing of drug samples to "to determine whether the DEA's test results are accurate" and to determine "the purity level of each sample."

First, while Defendant seeks to determine "whether DEA test results are accurate", there is no indication or showing that the DEA standard protocol or methodology for drug identification or purity testing in this matter has been questioned, thus necessitating additional testing.  *See United States v. Escalante,* 946 F.3d 410, 411 (8th Cir. 2019)(motion denied where no reasonable basis existed to question the results of the government's testing and where the motions were based on subjective statements about the drug purity).

Second, drug purity is not an essential element of the offenses charged in the indictment.  *United States v. Lutcher*, 87 F.3d 1312 (5th Cir. 1996)(holding that drug purity is not an element of possession with intent to distribute).  Instead, drug purity may be an issue at sentencing.  Therefore, pre-trial testing for purity is unnecessary, and additional testing for post-trial purposes is premature.

Finally, Defendant seeks an order "compelling the Government to produce… samples of the drugs… for retesting by the Defense."  Fed. R. Crim. P. 16(a)(1)(E) requires government disclosure upon request.[2]  Generally, an order that seeks to compel

---

[2] Fed. R. Crim. P. 16 (a)(1) (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
(i) the item is material to preparing the defense;
(ii) the government intends to use the item in its case-in-chief at trial; or

disclosures is sought under Fed. R. Crim. P 16(d)(2) when a party has first failed to comply.[3] It is therefore unclear why Defendant seeks an order to compel production of drug samples for testing if in fact the government does not oppose it.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's Unopposed Motion [48] Motion and Amended Motion [49] to Produce Representative Samples of Controlled Substances for Testing by Defense Expert is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 26th day of October, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

(iii) the item was obtained from or belongs to the defendant.

[3]Fed. R. Crim. P. 16 (d)(2) Failure to Comply.
If a party fails to comply with this rule, the court may:
(A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
(B) grant a continuance;
(C) prohibit that party from introducing the undisclosed evidence; or
(D) enter any other order that is just under the circumstances.